UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KAREN STEAD,

                Plaintiff,                            Case Number 01-10354-BC
                                                                    Honorable David M. Lawson

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____/

### ORDER DENYING DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT

The plaintiff, Karen Stead, filed the present action on November 8, 2001 seeking review of the Commissioner's decision denying the plaintiff's claim for a period of disability, disability insurance benefits, and supplemental security income benefits under Titles II and XVI of the Social Security Act. On January 11, 2005, the Court entered an opinion and order rejecting the magistrate judge's report and recommendation and remanding the case to the Social Security Commission for further proceedings. The question presented was whether the administrative law judge (ALJ) properly evaluated the plaintiff's claim that her severe impairments equaled a listing in the Secretary's regulations. The Court found that the ALJ improperly rejected a consultative expert's opinion based on a legal error, and because additional facts had to be determined, further proceedings at the administrative level were necessary.

The defendant has filed a motion to alter or amend the Court's judgment pursuant to Federal Rule of Civil Procedure 59(e) contending that the ALJ did not commit legal error and that there are other grounds for rejecting the consultative physician's opinion that the plaintiff's impairments equal Listing 9.08A in the regulations. *See* 20 C.F.R. Pt. 404, Subpt. P § 9.08A. In addition to a reprise of the argument originally addressed by the Court, the defendant contends that other evidence in the

record supports the ALJ's rejection of the consultative physician's opinion because the severity of the plaintiff's condition does not approach the severity contemplated in the medical listings.

Federal Rule of Civil Procedure 59(e) provides: "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." The decision of whether to grant relief under Rule 59(e) is left to the district court's sound discretion. *In re Ford Motor Co. Securities Litigation, Class Action*, 381 F.3d 563, 573 (6th Cir. 2004). Such a motion will generally be granted only if the district court made a clear error of law, if there is an intervening change in the controlling law, or if granting the motion will prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). A Rule 59(e) motion is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier, but were not. *Sault Ste. Marie Tribe of Indian Tribes v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Once a timely motion has been filed under this Rule, the district court has the discretion to reconsider any part of its final opinion and judgment, not only those sought to be corrected by the moving party. *EEOC v. United Ass'n of Journeyman & Apprentices*, 235 F.3d 244, 250 (6th Cir. 2000).

The plaintiff worked in various capacities as a car rental agent, cashier, and customer service representative until January 10, 1998, which is the date she alleges her disability began from symptoms confirmed some days later as coronary artery disease. Since 1998, the plaintiff has undergone several cardiac-related laboratory studies. She has been diagnosed with hypertension, diabetes, and arthritis of the hip, leg, and back. She is morbidly obese. Her coronary artery disease is manifested by unstable angina, and she has been diagnosed with depression. She suffers from sleep apnea, and she has a loss of sensation in her hands and feet. The sensation abnormalities are

transient; a medical consultant opined that the tingling in her hands may be due to the onset of carpal tunnel syndrome, but the numbness in her feet may be caused by peripheral neuropathy.

It is the peripheral neuropathy that formed the basis of the opinion of the Commissioner's medical consultant, Dr. Abdul A. Razzak, a specialist in internal medicine and anatomical and clinical pathology, that the combination of the plaintiff's medical impairments are medically equivalent to Listing 9.08A in the regulations. Listing 9.08A establishes disability for those persons suffering from diabetes mellitus, irrespective of their residual functional capacity to perform work, if it is accompanied by "[n]europathy demonstrated by significant and persistent disorganization of motor function in two extremities resulting in sustained disturbance of gross and dexterous movements, or gait and station (see 11.00C)." 20 C.F.R. Pt. 404, Sutpt. P § 9.08A. The "gait and station" disturbances take the form of "[p]ersistent disorganization of motor function in the form of paresis or paralysis, . . . ataxia and sensory disturbances (any or all of which may be due to . . . peripheral nerve dysfunction) . . . ." 20 C.F.R. Pt. 404, Sutpt. P § 11.00C. Dr. Razzak opined that the plaintiff demonstrated indications of peripheral neuropathy in the lower extremities, which, along with her restrictions from her coronary artery disease (manifested by unstable angina) and sleep apnea, equaled the severity of listing 9.08A.

Dr. Razzak also commented that the plaintiff was quite sick for someone so young. The ALJ translated that comment into a consideration of a vocational factor, which is not permitted at step three of the sequential analysis prescribed by 20 C.F.R. §§ 404.1520, 416.920, according to the defendant. The Court found that the ALJ's narrow focus on Dr. Razzak's comment was erroneous, since age is not only a vocational factor but also a medical factor. The defendant's arguments in its Rule 59(e) motion merely rehash that debate and provide no basis for relief here.

The defendant contends that Dr. Razzak's opinion also could have been rejected legitimately due to the lack of specific medical findings. However, the administrative record contains the results of medical tests that establish the plaintiff's coronary artery disease and sleep apnea, and the ALJ himself found at step two of the sequential analysis that the plaintiff suffered from the severe impairment of peripheral neuropathy in both feet. The ALJ opined that the medical evidence as viewed by him did not demonstrate the degree of severity contemplated by the Secretary when drafting Listing 9.08A, primarily because the plaintiff did not need devices to assist her in walking. But Dr. Razzak's testimony concerning the development of the plaintiff's peripheral neuropathy and the effect of her coronary artery disease was not fully transcribed. The context of the inaudible portions of that testimony suggest that Dr. Razzak may have described a degree of severity that would support his opinion. This lack of clarity, coupled with the ALJ's legal error, points ineluctably to a remand for further proceedings as the better exercise of court's sound discretion under Rule 59(e). *See In re Ford Motor Co. Securities Litigation*, 381 F.3d at 573.

The defendant has not demonstrated grounds for relief under Rule 59(e). Accordingly, it is **ORDERED** that the defendant's motion to alter or amend judgment [dkt # 29] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: July 8, 2005

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 8, 2005.

s/Carol J. Greyerbiehl
CAROL J. GREYERBIEHL